IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO CERTIFICATE NUMBERS 6540/ATR049 AND 2252/SMP 579 | * * * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action: 1:07-CV-02243-EGS |
| TEXAS AVENUE, LLC | * * | |
| Defendant. | * | |
| ****************************************** | | |
| TEXAS AVENUE, LLC | * * | |
| Third-Party Plaintiff, | *. | |
| vs. | * * | |
| GREENPOINT MORTGAGE FUNDING, INC. 100 Wood Hollow Drive Novato, California 9495 | * * * * | |
| Serve on: Corporation Service Co. 1090 Vermont Ave., N.W. Washington, D.C. 20005, | * * * * | |
| vs. | * * | |
| LEHMAN BROTHERS SMALL BUSINESS FINANCE 25510 Commercentre Drive Lake Forest, California | * * * * * | |
| Serve on: Prentice Hall Corporation 1090 Vermont Ave., N.W. Washington, D.C. 20005 | * * * * | |
| Third-Party Defendants. | * | |
| ************************************************************************** | | |

**TEXAS AVENUE, LLC'S ANSWER TO COMPLAINT, COUNTERCLAIM
AND THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Texas Avenue, L.L.C. ("Defendant" and/or "Third-Party-Plaintiff"), by and

1

through its attorney Tami L. Taylor, Esquire, and submits its Answer to Certain Interested Underwriters at Lloyd's London Subscribing to Certificate Numbers 6540/ATR049 and 2252/SMP579 ("Plaintiff" and/or "Counter-Defendant") Complaint for Declaratory Judgment. Defendant also submits its Counterclaim,Third-Party Complaint/Cross Claim against Greenpoint Mortgage Funding, Inc. and Lehman Brothers Small Business Finance. Defendant does state as follows:

1. Defendant admits that this action is governed by FRCP 57 and 28 U.S.C. § 2201, but denies the remaining allegations of Paragraph 1.

2. Admitted.

3. Admitted.

4. Plaintiff has insufficient knowledge to admit and/or deny the allegations of Paragraph 4, to the extent a response is required it is denied.

5. It is Denied that Defendant is a limited liability company organized under the laws of the Commonwealth of Virginia.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

2

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. This allegation states a legal conclusion of which a response from this Defendant is not required. To the extent that a response is required, the allegations of this paragraph are denied.

25. Admitted.

26. The allegations in this paragraph do not require a legal conclusion. To the extent that a response is required they are denied.

27. This allegation states a legal conclusion of which a response from this Defendant is not required. To the extent that a response is required, the allegations of this paragraph are denied.

28. The allegations in this paragraph do not require a legal conclusion. To the extent that a response is required they are denied.

29. Admitted.

30. Denied. Any and all apartments has smoke alarms installed by Defendant.

31. This allegation states a legal conclusion of which a response from this Defendant is not required. To the extent that a response is required, the allegations of this paragraph are denied.

32. This allegation states a legal conclusion of which a response from this Defendant is not required. To the extent that a response is required, the allegations of this paragraph are denied.

33. This allegation states a legal conclusion of which a response from this Defendant is not required. To the extent that a response is required, the allegations of this paragraph are

3

denied.

WHEREFORE, Defendant demands judgment dismissing the complaint herein plus attorneys' fees and costs of suit.

### I.  DEFENSE

**First Separate Defense**

The declaratory judgment complaint herein fails to state a claim upon which relief can be granted and the defendant reserves the right to move at or before the time of trial to dismiss same.

### TEXAS AVENUE LLC'S COUNTER-CLAIM AND THIRD PARTY-COMPLAINT AGAINST GREENPOINT MORTGAGE FUNDING, INC., AND LEHMAN BROTHER'S

Texas Avenue LLC, Counter-Plaintiff/Third-Party Plaintiff ("Texas Avenue") by and through its attorney, Tami L. Taylor, respectfully represents:

### JURISDICTION AND VENUE

1. Jurisdiction is proper for this matter under 28 U.S.C. § 1332 as the Parties are citizens from differing states and the amount in controversy exceeds $75,000.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a).

### PARTIES

3. Defendant/Counter-Plaintiff/Third Party Plaintiff, Texas Avenue, LLC, is a limited liability company organized and existing under the laws of the District of Columbia, and with its principal place of business located at 5100 Wisconsin Avenue, N.W., Washington, D.C. 20016.

4. Plaintiff/Counter-Defendant is s an insurance company licensed and authorized to issue

insurance policies in the District of Columbia.

5. Third-Party Defendant Greenpoint Mortgage Funding, Inc., is a mortgage lender incorporated in New York and conducting business in the District of Columbia.

6. Third-Party Defendant Lehman Brothers Small Business Finance is a mortgage lender and/or financial institution with offices in Lake Forest, California.

**COUNT I**

7. In 2004, Texas Avenue purchased and continues to own an eight (8) unit apartment building located at 2700 Texas Avenue, S.E., Washington, D.C. ("Rental Property").

8. From January 2006 through January 2007, Texas Avenue obtained commercial lines insurance through its agent M.A. Chenault Insurance Services and its finance company Skip Jack Premium Finance from Lloyds London to insure its Rental Property .

9. In January 2007, Texas Avenue's insurance policy and coverage with Lloyd's London was renewed, and it paid any and all deficient payments to keep insurance coverage current until May 2007.

10. In May 2007, Texas Avenue refinanced its Rental Property with Third-Party Defendant Greenpoint Mortgage Funding, Inc., in the amount of $295,300.00.

11. At settlement, the Parties agreed to place approximately $2,046.87 in reserves and/or escrow with Third-Party Defendant Greenpoint Mortgage Funding to pay for its hazard insurance with Counter-Defendant from May through December 2007.

12. Additionally, Third-Party Defendant Greenpoint Mortgage attached a monthly fee of

$292.41 to Texas Avenue's mortgage of $2,608.32 for hazard insurance with Counter-Plaintiff. See Ex. 3

13. On August 14, 2007, Third-Party Defendant Greenpoint Mortgage notified Texas Avenue, LLC that it had assigned its mortgage loan to Third-Party Defendant Lehman Brothers Small Business Finance, to be effective on September 4, 2007.

14. On September 22, 2007, an elderly tenant residing in the Rental Property, and while in her bed and smoking, accidentally and negligently started a fire, resulting in substantial damage to the Rental Property and her death.

15. Immediately, Texas Avenue notified Counter-Defendant of the fire and requested coverage as it believed that it had insurance coverage, to which Counter-Defendant denied the existence of coverage and notified Texas Avenue that its policy was canceled in August 2007 for nonpayment.

16. As a result of Counter-Defendant's failure to provide coverage for the September 22, 2007 incident, Texas Avenue and its members have incurred damages and expenses exceeding $110,000.

WHEREFORE, Texas Avenue, LLC, demands judgment against Counter-Defendant for an order declaring that it provide Texas Avenue coverage and award all reasonable attorneys fees and costs incurred in defending this declaratory judgment and filing this counterclaim, and for such other relief as this Court deems fair, equitable and just.

**COUNT II**

17. Defendant/Counter-Plaintiff/Third Party Plaintiff, Texas Avenue, LLC repeats and realleges the allegations set forth in paragraph 1 through 16 as if set forth at length herein.

18. Third-party defendant Greenpoint Mortgage failed to pay Texas Avenue's hazard insurance as agreed, even though Texas Avenue had made timely mortgage payments where such hazard insurance payments were incorporated.

19. Third-Party Defendant Greenpoint Mortgage breached the agreement entered with Texas Avenue to pay its hazard insurance which resulted in Texas Avenue being uninsured and/or denied coverage for its loss on September 22, 2007.

20. As a result of Third-Party Defendant Greenpoint Mortgage's conduct, Texas Avenue has and will continue to be substantially damaged and loss.

WHEREFORE, Defendant/Counter-Plaintiff/Third Party Plaintiff, Texas Avenue, LLC demands judgment against Third-Party Defendant Greenpoint Mortgage in the amount of $110,000, and for such other relief as this Court deems fair, equitable and just.

### COUNT III

21. Defendant/Counter-Plaintiff/Third Party Plaintiff, Texas Avenue, LLC repeats and realleges the allegations set forth in paragraph 1 through 20 as if set forth at length herein.

22. Third-Party Defendant Lehman Brothers assumed the mortgage loan of Texas Avenue, LLC from Third-Party Defendant Greenpoint Mortgage in September 2007, which included duties to pay Texas Avenue's hazard insurance.

22. Third-Party Defendant Lehman Brothers did not make any payments to an insurer to

provide hazard insurance for Texas Avenue as agreed in the mortgage loan agreement, which resulted in Texas Avenue being uninsured and/or denied coverage for its loss on September 22, 2007.

23. As a result of Third-Party Defendant Lehman Brothers 's conduct, Texas Avenue has and will continue to be substantially damaged and loss.

WHEREFORE, Defendant/Counter-Plaintiff/Third Party Plaintiff, Texas Avenue, LLC demands judgment against Third-Party Defendant Lehman Brothers in the amount of $110,000, and for such other relief as this Court deems fair, equitable and just.

I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING THIRD-PARTY COMPLAINTAND OTHER APPROPRIATE RELIEF ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

//s/
_____
Mimi Gulelat, Member
Texas Avenue, LLC

_____//s/_____
Tami L. Taylor, Esq., #474305
1875 I Street, N.W.
5th Floor
Washington, D.C. 20006
(202) 429-2031

Counsel for Texas Avenue, LLC

### CERTIFICATE OF SERVICE

I hereby confirm that on ____ day of **January, 2008** a copy of **Answer, Counter-claim and Third-Party Complaint** was forwarded via first class mail, postage prepaid to the following:

Jeffrey A. Wothers, Esq.

Niles, Barton & Wilmer, LLP
111 South Calvert Street
Suite 1400
Baltimore, Maryland 21202-6185

_____
Tami L. Taylor, Esq. #474305

9