IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUSCRIBING TO CERTIFICATE NUMBERS 6540/ATR049 AND 2252/SMP579** | * <br> * <br> * |
| Plaintiff, | * Civil Action No.: 1:07-CV-02243-EGS |
| v. | * |
| **TEXAS AVENUE, LLC** | * |
| Defendant | * |
| * * * * * * * | * * * * * * |
| **TEXAS AVENUE, LLC** | |
| Third-Party Plaintiff | * |
| v. | * |
| **GREENPOINT MORTGAGE FUNDING, INC.** | * |
| & | * |
| **LEHMAN BROTHERS SMALL BUSINESS FINANCING** | * <br> * |
| Third-Party Defendants | |
| * * * * * * * | * * * * * * |

### PLAINTIFF/COUNTER-DEFENDANT CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF TEXAS AVENUE, LLC'S COUNTERCLAIM

Plaintiff/Counter-Defendant Certain Interested Underwriters at Lloyd's, London, (hereinafter "Lloyd's"), by and through its undersigned counsel, hereby moves pursuant to FED. R. CIV. P. 12(b)(6) to dismiss Defendant/Counter-Plaintiff Texas Avenue, LLC's (hereinafter, "Texas Avenue") Counter-Claim and in support states as follows:

## INTRODUCTION AND STATEMENT OF FACTS

Texas Avenue's Counter-Claim, found in Count 1 of its Counter-Claim and Third Party Complaint should be dismissed for failure to state a claim upon which relief can be granted. This case arises out of a claim Texas Avenue made under a policy of insurance issued by Lloyd's, Certificate Nos. 6540/ATR049 and 2252/SMP579, for a fire that occurred at Texas Avenue's property located at 2700 Texas Ave SE, Washington D.C. 20020 on September 22, 2007. Lloyd's denied Texas Avenue's claim for coverage because the policy in question had been cancelled for non-payment and was not in effect at the time of the fire. Texas Avenue continued to assert that it was entitled to coverage, and thus Lloyd's filed the instant declaratory judgment action to determine the rights and responsibilities of the parties. In response, Texas Avenue answered the Complaint, and filed the Counter-Claim that is the subject of this motion, as well as a Third Party Complaint against Greenpoint Mortgage Funding, Inc., and Lehman Brothers Small Business Financing.

## STANDARD OF REVIEW

Lloyd's Motion to Dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6) must be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

In ruling on Lloyd's motion, the Court must accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the Counter-Plaintiff. *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir. 1994). However, the Court is not bound by the Counter-Plaintiff's legal conclusions, since the purpose of a Rule 12(b)(6) motion is to challenge the legal sufficiency of the complaint. *Id.* Therefore, dismissal is appropriate when the face of the Complaint clearly reveals the existence of a meritorious affirmative defense, such as failure

to state a claim upon which relief can be granted. *Gray v. Metts*, 203 F. Supp. 2d 426, 428-29 (D.Md. 2002).

## ARGUMENT

In its Counter-Claim, Texas Avenue asserts that it obtained the policies of insurance in question, and that it paid its premiums for coverage through May 2007. It then asserts that it refinanced its mortgage through Third-Party Defendant Greenpoint, and that as part of that transaction, it paid funds into escrow for Greenpoint to pay the insurance premiums from May 2007 to December 2007. Texas Avenue then asserts that Greenpoint assigned the mortgage to Lehman Brothers, and that shortly thereafter, the fire at issue took place. Following the fire, Texas Avenue asserts, it notified Lloyd's of the loss, and its claim was rejected because the policy had been cancelled for non-payment.

Texas Avenue claims that it is entitled to a declaration that Lloyd's must provide coverage. However, a plain reading of its complaint belies that assertion. Texas Avenue does not assert that it paid Lloyd's for coverage. Rather, it asserts that it provided funds to Greenpoint to pay for said coverage. Texas Avenue does not dispute that Lloyd's was not paid. Texas Avenue does not dispute that the policy in question was not in effect at the time of the loss.

The assertions set forth in Texas Avenue's Complaint, viewed in the light most favorable to the Counter-Plaintiff, do not establish that Lloyd's had any duty to provide Texas Avenue with coverage. In fact, they plainly establish that no such duty existed. Texas Avenue paid Greenpoint – not Lloyd's – for coverage. Texas Avenue does not assert that Greenpoint paid Lloyd's, nor does it dispute that Lloyd's was not paid. As such, Texas Avenue has failed to state any basis upon which Lloyd's could be responsible to provide coverage for this loss, and its counter-claim should be dismissed.

ND: 4817-5554-9186, v. 1

WHEREFORE, Plaintiff/Counter-Defendant Certain Interested Underwriters at Lloyd's London respectfully requests that this Court dismiss Defendant/Counter-Plaintiff's Counter-claim for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/
JEFFREY A. WOTHERS, Bar No. 436137
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202-6185
(410) 783-6365
*Counsel for Plaintiff/Counter-Defendant*

ND: 4817-5554-9186, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUSCRIBING TO CERTIFICATE NUMBERS 6540/ATR049 AND 2252/SMP579** * * * | |
| Plaintiff, | * Civil Action No.: 1:07-CV-02243-EGS |
| v. | * |
| **TEXAS AVENUE, LLC** | * |
| Defendant | * |
| * * * * * * * * * * * * * | |
| **TEXAS AVENUE, LLC** | |
| | * |
| Third-Party Plaintiff | |
| | * |
| v. | |
| | * |
| **GREENPOINT MORTGAGE FUNDING, INC.** | * |
| **&** | * |
| **LEHMAN BROTHERS SMALL BUSINESS FINANCING** | * |
| | * |
| Third-Party Defendants | |
| * * * * * * * * * * * * * | |

## **ORDER**

Upon consideration of the Motion to Dismiss Defendant/Counter-Plaintiff Texas Avenue, LLC's Counterclaim filed by Plaintiff/Counter-Defendant Certain Interested Underwriters at Lloyd's London, and of any response thereto, it is this _____ day of _____, 2008,

ORDERED that Plaintiff/Counter-Defendant Certain Interested Underwriters' Motion to Dismiss Defendant/Counter-Plaintiff Texas Avenue, LLC's Counterclaim be and is hereby GRANTED, and it is further

ORDERED that Defendant/Counter-Plaintiff Texas Avenue, LLC's Counterclaim is hereby DISMISSED.

_____
Judge, United States District Court
For the District of Columbia

ND: 4844-8564-8386, v. 1