UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO CERTIFICATE NUMBERS 6540/ATR049 AND 2252/SMP579,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TEXAS AVENUE, LLC<br><br>　　　　　Defendant,<br>******************************<br>TEXAS AVENUE, LLC<br><br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>GREENPOINT MORTGAGE FUNDING, INC. & LEHMAN BROTHERS SMALL BUSINESS FINANCING<br><br>　　　　　Third-Party Defendants. | Civil Action No. 07-2243(EGS) |

## SCHEDULING ORDER

The failure of a party or attorney to comply with the provisions of this Order will be viewed with disfavor and may result in the imposition of sanctions. Attorneys of record shall read this Scheduling Order in its entirety and are responsible for ensuring that members of the attorney's staff are also familiar with and follow these procedures. Furthermore, in view

**of the Court's limited resources, no one should contact chambers by telephone absent exigent circumstances.**

Pursuant to the joint report filed according to Local Civil Rule ("LCvR") 16.3 and Federal Rule of Civil Procedure 26, and finding that no initial scheduling conference is necessary, it is hereby **ORDERED** that:

(1) Initial disclosures pursuant to Rule 26(a)(1) shall be made by **March 18, 2008**. Any amendments to the pleadings, including the joining of parties, shall be made by **May 1, 2008**. Fact and expert discovery shall be completed by **June 12, 2008**. Each party is limited to 25 interrogatories and 10 depositions. The other discovery procedures agreed to by the parties in their joint report are incorporated by reference.

(2) Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court pursuant to paragraph (6), *supra*.  Counsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees.  Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.

(3) Any motion that does not comply with LCvR 7(m) will be, *sua sponte*, stricken by the Court from the record.

(4) **Every pleading should indicate, immediately below the Civil Action No. in the caption, the next scheduled Court deadline, such as a status conference, or pretrial conference, or trial date.  Pleadings that do not comply with this instruction will be,** *sua sponte*, **stricken by the Court from the record.**

(5) There shall be a status conference in the courtroom of the Judge Sullivan on **June 19, 2008 at 11:30 a.m.**.  Counsel must bring full settlement authority to this conference.  **If settlement is not reached, a schedule for briefing dispositive motions will be determined.**  Counsel must be prepared at the status conference to advise the Court of the expected length of trial and the number of fact and expert witnesses that party will present.  The attorneys who will try this case before the Court are directed to appear at all hearings, unless excused by the Court in advance of the hearing date.

(6) Counsel are directed not to communicate with anyone on Judge Sullivan's staff on an *ex parte* basis.  In the event it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, counsel are directed to arrange, at their expense, a conference telephone call with counsel for all other parties, and any pro se party, and speak directly with chambers, at 202-354-3260, or the courtroom deputy, Carol Votteler, at 202-354-3152.  It will not be the responsibility of anyone on Judge Sullivan's staff to arrange any telephone calls.

(7) All dates in this Order are firm, may not be altered by the parties, and, absent exceptional circumstances, will not be altered by the Court.  Any request for an extension of time shall be made by filing a motion and shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates.

(8)  Counsel are admonished to read the Circuit's opinion in <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.,</u> <u>101 F.3d 145, 152 (D.C. Cir. 1996)</u>  (in implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice).

It is **FURTHER ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleading filed electronically in the above captioned case to supernumerary attorneys of a law firm who have not entered their appearance on the electronic case filing system (ECF) and registered for a password granting them access to electronic dockets.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**March 17, 2008**